UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FRANCIS O'DONNELL, JR., <br> Plaintiff <br> <br> v. <br> <br> EPHRATA POLICE DEPARTMENT <br> *et al.*, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 1:23-CV-0740 <br> <br> <br> (ARBUCKLE, M.J.) |

### MEMORANDUM OPINION

On May 4, 2023, James Francis O'Donnell, Jr. ("Plaintiff") lodged a complaint here in the Middle District of Pennsylvania. (Doc. 1). The complaint arrived by mail. The complaint was lodged as no filing fee was paid. No Motion to proceed *in forma pauperis* was attached to the complaint.

After review of the complaint against the Ephrata Police Department, Lancaster City Police Department, Officer David Johnston, and Officer Hatfield, Jr., I find no connection to the Middle District of Pennsylvania. Accordingly, this case will be transferred to the Eastern District of Pennsylvania, a court with at least plausible venue for further proceedings.

In his complaint, Plaintiff alleges he suffered "discrimination because of recent circumstances I am homeless." (Doc. 1, p. 4). Plaintiff describes an event in which he fell asleep in a garage and was woken when he was attacked by a police dog. *Id*. All of this took place at 5 E. Locust St., Ephrata Borough, Pennsylvania on

March 28, 2023 at 1:41 a.m. *Id*. Plaintiff does not allege any specific facts about any incident taking place within the Middle District of Pennsylvania. Ephrata Borough, Pennsylvania is located in Lancaster County which falls in the Eastern District of Pennsylvania.

In this case, venue over this matter appears to lie in the United States District Court for the Eastern District of Pennsylvania and not in the Middle District of Pennsylvania. To protect Plaintiff's rights as a *pro se* litigant, I will order this complaint transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings. Such a transfer order avoids any prejudice to Plaintiff which might flow from a dismissal of these actions on venue grounds. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of Plaintiff's claims, thus assuring that he can have this case heard on its merits in the proper forum. *See*, 18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, §4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

The decision to transfer a case is within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *See Franklin v. GMAC*,

No. 13–0046, 2013 WL 140042, at *1 n.1 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive . . . A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A)"). *See, e.g., Silong v. United States*, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

**CONCLUSION**

For these reasons, this case will be transferred to the United States District Court for the Eastern District of Pennsylvania for all further proceedings. An appropriate order follows.

Date: May 5, 2023                                BY THE COURT

                                                 *s/William I. Arbuckle*
                                                 William I. Arbuckle
                                                 U.S. Magistrate Judge